NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

YANILDA ANETTE TORO *et al.*,

                      Plaintiffs,

        v.

ROSEANN BAFFIGE *et al.*,

                      Defendants.

Civ. No. 20-14980

**OPINION**

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff Yanilda Anette Toro. (ECF No. 1-1.) For the reasons stated herein, Plaintiff Toro's Application to Proceed *In Forma Pauperis* (ECF No. 1-1) is granted, but the Complaint (ECF No. 1) is dismissed.

## **BACKGROUND**

Plaintiff Toro filed the Complaint on behalf of herself and four of her relatives (collectively, "Plaintiffs"). (ECF No. 1.) Plaintiffs' specific claims are difficult to discern. The named Defendants are Roseann Baffige, Nydia Gonzalez, Marisol Franco Lopez, and the Federal Bureau of Investigation ("FBI"). (Compl. at 1, 3, ECF No. 1.)[1] The Complaint references the loss of a federal job, Plaintiff Toro's payment of Defendants Gonzalez's and Baffige's debt, Defendant Marisol Franco Lopez's "lie[s] to Social Services concerning $ for food," and hospital

---

[1] The page numbers to which the Court refers are the CM/ECF page numbers.

1

workers' alleged physical and verbal abuse of Plaintiff Toro. (*Id.* at 5.) Plaintiffs do not appear to allege any facts involving the FBI.

### LEGAL STANDARDS

**I.      Application to Proceed *In Forma Pauperis***

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an application to proceed *in forma pauperis* and include an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

Under § 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [*in forma pauperis*] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the Prisoner Litigation Reform Act altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

**II.      Failure to State a Claim**

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

"The defendant bears the burden of showing that no claim has been presented." *Hedges v. United*

*States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district

court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First,

the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting

*Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no

more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S.

at 679). The court must accept as true all well-pleaded factual allegations and construe the

complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the well-pleaded

facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*,

556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more

than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto.*

*Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts

construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se*

litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown*

*Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## DISCUSSION

The Court will review Plaintiff Toro's Application to Proceed *In Forma Pauperis* before

screening the Complaint. Plaintiff Toro's Application to Proceed *In Forma Pauperis* is sufficient

under § 1915(a). Plaintiff Toro's monthly expenses appear to exceed her monthly income, she is

unemployed, and four people rely on her for support. (*See* Appl. at 1–5, ECF No. 1-1.)

3

Considering Plaintiff Toro's circumstances, the Court grants the Application to Proceed *In Forma Pauperis*.

Upon review of the Complaint, however, the Court recognizes deficiencies that warrant dismissal of this case. Specifically, Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs do not explain clearly or with sufficient detail any actions by the named Defendants that could plausibly amount to legal violations. Therefore, the Court must dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, will grant Plaintiffs leave to amend the Complaint to cure the Complaint's deficiencies within thirty (30) days of the entry of the Court's accompanying Order.

**CONCLUSION**

For the foregoing reasons, Plaintiff Toro's Application to Proceed *In Forma Pauperis* (ECF No. 1-1) is granted, but the Complaint (ECF No. 1) is dismissed. An appropriate Order will follow.


Date: <u>November 24, 2020</u>                                        */s/ Anne E. Thompson*
                                                            ANNE E. THOMPSON, U.S.D.J.


4
